UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No.: 18-1313 (DSD/ECW)

IDS Property Casualty
Insurance Company as subrogee
of Chad and Andrea Murphy,

      Plaintiff,

v.                                                **ORDER**

Gree USA, Inc., MJC America,
LTD., Gree Electric Appliances,
Inc. of Zhuhai, and Hong Kong
Gree Electric Appliance Sales, LTD.,

      Defendants.

      Marisa L. Saber, Esq. and Cozen O'Connor, 123 North Wacker Drive, Suite 1800, Chicago, IL 60606, counsel for plaintiff.

      Mark A. Fredrickson, Esq. and Lind Jensen Sullivan & Peterson, PA, 901 Marquette Avenue S., Suite 1300, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon defendants Gree Electric Appliances, Inc. of Zhuhai's (Gree China) and Hong Kong Gree Electric Appliance Sales, Ltd.'s (Gree Hong Kong) motion to vacate the clerk's entry of default pursuant to Federal Rule of Civil Procedure 60(b) and to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(5). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This product liability case arises out of defendants' manufacture and distribution of an allegedly defective household

dehumidifier. Defendants Gree China and Gree Hong Kong are Chinese corporations. Compl. ¶¶ 5-6. Defendants Gree USA, Inc. and MJC America, Ltd. are California corporations. Id. ¶¶ 3-4. Gree Hong Kong is the wholly owned subsidiary of Gree China and the majority owner of Gree USA.[1] Id. ¶ 47. Gree China manufactures dehumidifiers and, through Gree Hong Kong, sells the dehumidifiers under assorted brand-names to Gree USA and MJC America. Id. ¶¶ 16-18. Gree USA and MJC America, in turn, sell the dehumidifiers to retailers in the United States. Id. ¶ 19. Plaintiff IDS Property Casualty Insurance Company (IDS) is a Wisconsin corporation, and plaintiffs Chad Murphy and Andrea Murphy are Minnesota residents. Id. ¶ 2. The Murphys insured their home through IDS. Id. ¶ 29.

On September 12, 2013, the United States Consumer Product Safety Commission (USCPSC) recalled 2.2 million Gree China manufactured dehumidifiers because of a suspected fire-causing defect. Id. ¶ 64. In January 2014, USCPSC expanded the recall to an additional 300,000 dehumidifiers. Id. ¶ 66. On March 25, 2016, Gree China, Gree Hong Kong, and Gree USA collectively paid a $15,450,000 civil penalty to settle a product safety investigation initiated by USCPSC. Id. ¶ 73.

The Murphys owned a Gree China manufactured dehumidifier. Id. ¶ 24. On April 15, 2016, their dehumidifier allegedly failed,

---

[1] MJC America is the minority owner of Gree USA. Id. ¶ 15.

causing a fire. Id. ¶ 27. IDS compensated the Murphys for smoke, water, and other property damage. Id. ¶ 29.

On May 11, 2018, plaintiffs commenced this diversity action, raising negligence and strict liability-product liability claims. On May 16, 2018, defendants were served copies of the summons and complaint. See ECF Nos. 13-16. Gree China and Gree Hong Kong do not have authorized service of process agents in the United States. See ECF Nos. 15-16. To perfect service, plaintiffs delivered the summons and complaint to "Richard, the person in charge of 4195 Chino Hills Avenue #1026, Chino Hills, CA to be given to Ming Chu Dong President of [Gree China and Gree Hong Kong] and Director of Gree USA ... business and mailing address 4195 Chino Hills Avenue #1026, Chino Hills, CA." ECF No. 16. On the same day, plaintiffs mailed first-class copies of the summons and complaint to Ms. Dong on Gree China's and Gree Hong Kong's behalf to Gree USA's Chino Hills, California, business location. Id.

On August 21, 2018, Gree USA and MJC America answered the complaint; Gree China and Gree Hong Kong did not. ECF No. 17. On October 19, 2018, plaintiffs filed an application for entry of default against Gree China and Gree Hong Kong. ECF No. 33. On October 22, 2018, the clerk of court entered the requested default. ECF No. 34. The next day, Gree China and Gree Hong Kong filed the instant motion to dismiss the complaint against them, or alternatively to quash, for failure to perfect service and to

3

vacate the clerk's entry of default. They argue that as foreign corporations, plaintiffs were required to serve them under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention). They also argue that plaintiffs failed to perfect service on them under either California or Minnesota law. Plaintiffs argue that they properly served Gree China and Gree Hong Kong under the Federal and California Rules of Civil Procedure and that the Hague Convention does not apply.

## DISCUSSION

### I. Standard of Review

A case may be dismissed for insufficient service of process. Fed. R. Civ. P. 12(b)(5); Marshall v. Warwick, 155 F.3d 1027, 1030 (8th Cir. 1998). However, dismissal is not always required when service has been deemed improper. See Haley v. Simmons, 529 F.2d 78, 79 (8th Cir. 1976). "[A] federal court is without jurisdiction to render personal judgment against a defendant if service of process is not made in accordance with applicable federal or state statutory requirements." Sieg v. Karnes, 693 F.2d 803, 807 (8th Cir. 1982).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

party's default." Fed. R. Civ. P. 55(a). "The court may set aside an entry of default for good cause ...." Fed. R. Civ. P. 55©.

## II. The Hague Convention

"By virtue of the Supremacy Clause ... the [Hague] Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies." Volkswagenwerk Aktiengesellshaft v. Schlunk, 486 U.S. 694, 699 (1988). The Hague Convention requires that foreign entities sued in a domestic court be served with process abroad "'in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.'"[2] Froland v. Yahama Motor Co. Ltd., 296 F. Supp. 2d 1004, 1007 (D. Minn. 2003) (quoting the Hague Convention art. 1). "The [Hague] Convention does not specify the circumstances in which there is 'occasion to transmit' a complaint 'for service abroad.'" Schlunk, 486 U.S. at 700 (quoting the Hague Convention art. 1). Specifically, "the [Hague] Convention does not prescribe a [service of process] standard, so [the court] almost necessarily must refer to the internal law of the forum state." Id. "If the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad, then the Hague Service Convention applies." Id.

---

[2] The United States and the People's Republic of China are Hague Convention signatories. See ECF No. 37 at 6.

5

There is no dispute that plaintiffs did not serve Gree China and Gree Hong Kong abroad in conformity with the Hague Convention. Plaintiffs argue that the Hague Convention does not apply because California law does not require transmittal of service documents abroad. In support, plaintiffs rely on language in Schlunk, stating that "'[w]here service on a domestic agent is valid and complete under state law and the Due Process Clause, [a court's] inquiry ends and the [Hague] Convention has no further implications.'" ECF No. 42 at 4 (quoting Schlunk, 486 U.S. at 707). The court is not persuaded that Schlunk stands for the proposition that the question of whether the Hague Convention applies is resolved by looking to state law in the abstract or the state law where service was purportedly perfected. Rather, Schlunk plainly states that a court must look to the "forum state's" internal law to determine whether foreign document transmittal abroad is required under the Hague Convention. 486 U.S. at 700. Here, the forum state is Minnesota, not California. Therefore, under Schlunk, whether the Hague Convention applies turns on the application of Minnesota service of process law and due process principles.[3]

---

[3] This decision is bolstered by the fact that in both cases plaintiffs rely on, Schlunk and Yamaha Motor Co., Ltd. v. Super. Ct., 94 Cal. Rptr. 3d 495, 498 (Cal. Ct. App. 2009), the courts there applied the law of the forum state, Illinois and California respectively, in determining the Hague Convention's applicability. In addition, to the extent the Hague Convention's applicability has been litigated within the Eighth Circuit, district courts appear to

6

Under Minnesota law, service of process may be effected:

> [u]pon a domestic or foreign corporation, by delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons, and if the agent is one authorized or designated under statute to receive service any statutory provision for the manner of such service shall be complied with.

Minn. R. Civ. P. 4.03(c). A foreign corporation may also be served in Minnesota by statue as follows:

> Subd. 4. Service on foreign corporation. (a) Service of a process, notice, or demand may be made on a foreign corporation authorized to transact business in this state by delivering to and leaving with the secretary of state, or with an authorized deputy or clerk in the secretary of state's office, one copy of it and a fee of $50 in the following circumstances: (1) if the foreign corporation fails to appoint or maintain in this state a registered agent upon whom service of process may be had ....

Minn. Stat. § 5.25, subd. 4

> Duties of the Secretary of State. In the case of service of process according to subdivision ... 4, the secretary of state shall immediately cause a copy of a service of process to be forwarded by certified mail addressed to the business entity:

Minn. Stat. § 5.25, subd. 6.

Gree China and Gree Hong Kong do not maintain a domestic agent for service of process purposes. As a result, they are subject to service of process through the Minnesota Secretary of State pursuant to Minn. Stat. § 5.25, subd. 6. The court has previously

---

have applied the forum state's internal service of process law. See, e.g., Thach v. Tiger Corp., No. 07-4165, 2009 WL 2058872, at *2-3 (D. S.D. July 13, 2009); Dunakey v. Am. Honda Motor Co., Inc., 124 F.R.D. 638, 639 (E.D. Mo. 1989).

7

found that service of process on a foreign corporation under Minn. Stat. § 5.25, subd. 6 "is not fully effected until the [Minnesota] Secretary of State transmits the documents to the foreign corporation." Froland, 296 F. Supp. 2d at 1007. Consequently, because "Minnesota law requires transmittal of documents abroad to effect international service via the [Minnesota] Secretary of State, the Hague Convention applies" in this case. Id. (internal citations omitted). Considering that it is undisputed that plaintiffs failed to do so, service on Gree China and Gree Hong Kong was, therefore, ineffective.

**III. Quashing Service**

"Dismissal [is not] invariably required where service is ineffective: under such circumstances, the court has discretion to either dismiss the action, or quash service but retain the case." Haley, 529 F.2d at 79. Because it is not certain that plaintiffs will be unable to effect proper service under the Hague Convention, the court finds it appropriate to quash the purported service of process without dismissing the action against Gree China and Gree Hong Kong. See Froland, 296 F. Supp. at 1009.

**IV. Vacating the Clerk's Entry of Default**

Gree China and Gree Hong Kong also move to vacate the clerk's entry of default under Rule 60(b). However, Rule 60(b) is implicated only when a party seeks to vacate the entry of default judgment, which "requires a stronger showing of excuse than relief

from a mere default order." Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). In assessing good cause to set aside a default under Rule 55(c), courts "generally consider whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default [was] excused." Grant v. City of Blytheville, Ark., 841 F.3d 767, 772 (8th Cir. 2016) (internal citations omitted). "Setting aside a default must prejudice plaintiff in a ... concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Johnson, 140 F.3d at 784 (internal citations omitted). "There is a judicial preference for adjudication on the merits ... and it is likely that a party who promptly attacks an entry of default, rather than waiting for [a] grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." Id. at 785 (internal citation omitted).

The court concludes that setting aside the clerk's entry of default against Gree China and Gree Hong Kong is warranted. As to prejudice, plaintiffs still have to prosecute their claims against Gree USA and MJC America and because Gree USA, Gree China, and Gree Hong Kong are closely connected corporate entities, discovery will not be complicated nor access to evidence hindered. Moreover, Gree China and Gree Hong Kong have raised a meritorious defense that

they were required to be served under the Hague Convention. The record also does not show that they acted in bad faith. Finally, Gree China and Gree Hong Kong diligently moved to vacate the clerk's entry of default the day after it was entered, signaling their wish to defend against plaintiffs' allegations. Finding good cause and noting the Eighth Circuit's preference for adjudication on the merits, the court sets aside the clerk's entry of default against Gree China and Gree Hong Kong.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate and to dismiss [ECF No. 36] is granted as set forth above;

2. The clerk of court is ordered to set aside its entry of default [ECF No. 35]; and

3. Plaintiffs purported service upon Defendants Gree China and Gree Hong Kong is quashed.

Dated: December 17, 2018

s/David S. Doty
David S. Doty, Judge
United States District Court